MEARNS v. SULLIVAN (two cases).

(Court of Appeals of District of Columbia. Submitted December 2, 1919. Decided January 5, 1920.)

Nos. 3275, 3276.

1. APPEAL AND ERROR ☞71(4)—RECEIVERS ☞58—PARTY WITHOUT NOTICE OF ORDER APPOINTING MAY PETITION FOR REVOCATION, AND APPEAL FROM DENIAL OF PETITION.

A party, without notice or opportunity to answer a petition seeking appointment of receivers, may petition for revocation of the appointment, and, under Code of Law D. C. 1901, § 226, appeal from a denial of his petition.

2. APPEAL AND ERROR ☞71(4)—INTERLOCUTORY ORDER IN RECEIVERSHIP PROCEEDINGS NOT APPEALABLE.

Where an order appointing receivers directed appellant to turn over certain money to them, a subsequent order in the receivership proceedings, reiterating the direction that appellant pay the money to the receivers, is not appealable, under Code of Law D. C. 1901, § 226, allowing appeals from interlocutory orders in which "the possession of property is changed or affected."

3. CONTEMPT ☞66(2)—ORDER IN RECEIVERSHIP PROCEEDINGS NOT APPEALABLE.

A contempt order in receivership proceedings, punishing appellant for his refusal to turn over certain funds to the receiver, pursuant to other orders of the court, is not appealable, under Code of Law D. C. 1901, § 226, making certain interlocutory orders appealable.

Appeal from the Supreme Court of the District of Columbia.

Two proceedings by George E. Sullivan, receiver, against William A. Mearns. From adverse orders, Mearns appeals. Appeals dismissed.

C. H. Merillat and Henry E. Davis, both of Washington, D. C., for appellant.

Geo. E. Sullivan, of Washington, D. C., pro se.

VAN ORSDEL, Associate Justice. A suit in equity was brought in the Supreme Court of the District of Columbia by one Morril B. Spaulding against the International Sales Corporation, William A. Mearns, its president, and other officers and stockholders of the corporation. In the course of the proceedings receivers were appointed, to take over certain money of the corporation alleged to be in the possession of appellant, Mearns, and hold it pending the equity litigation. These appeals are from orders made in proceedings instituted by appellee Sullivan, surviving receiver, to compel Mearns to comply with the order appointing the receivers. After a series of proceedings under the receivership, in which Mearns responded by answers to rules to show cause and otherwise, the court made the order appealed from in No. 3275, requiring him to pay over to the receiver, out of the money found by the order appointing the receivers to belong to the corporation, the sum of $3,878.30.

[1] It is unnecessary to consider the validity of the order under which the receivers were appointed, since the case turns upon a question of jurisdiction. Section 7 of the Act of Congress of February 9,

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

1893 (27 Stat. 434; Code D. C. § 226), conferring jurisdiction upon this court, among other things, provides:

"Appeals shall also be allowed to said Court of Appeals from all interlocutory orders of the Supreme Court of the District of Columbia, or by any justice thereof, whereby the possession of property is changed or affected, such as orders for the appointment of receivers, granting injunctions, dissolving writs of attachment, and the like; and also from any other interlocutory order, in the discretion of the said court of appeals, whenever it is made to appear to said court upon petition that it will be in the interest of justice to allow such appeal."

This appeal is not from the order appointing the receivers, but from an order made in the course of the receivership proceedings. While it is true that appellant, Mearns, had no notice of or opportunity to answer the petition asking for the appointment of receivers, and therefore no opportunity to appeal directly from that order, his proper course, if he objected, was to have filed a petition seeking its revocation, and, if the court had denied the petition, he could then have appealed from that order.

But that is not what was done. Mearns, instead of making timely objection, defended in the receivership proceeding, until the order complained of was entered. The order in which "the possession of property is changed or affected" is not the order appealed from, but the original order for the appointment of receivers. That order directed the receivers—

"to take over and hold pendente lite, or until the further order of the court, that part or portion claimed by the plaintiff, as averred in the bill of complaint herein, all the profits heretofore and hereafter derived from the certain contracts referred to in said bill."

[2] The order here appealed from is merely a supplemental order directing Mearns to turn over a certain specific amount of the money found by the court in the original order to belong to the corporation, and which, in the order of appointment, the receivers were directed to take over and hold pending the equity litigation. It is, in effect, in so far as it goes, a repetition of the original order. It is not, therefore, a final order, or such an interlocutory order as is contemplated by the statute conferring general appellate jurisdiction upon this court.

[3] The appeal in No. 3276 is from an order adjudging Mearns in contempt of court by reason of his failure and refusal to comply with the order appealed from in No. 3275. This order is to enforce compliance with the order requiring him to turn over the money. It is the exercise merely of an inherent jurisdictional prerogative employed by courts as a last resort to compel obedience to their orders. Such an order is not final. The extent of its duration depends upon the powers of resistance displayed by the contemnor, with whom its discharge is wholly lodged. The discharge of the former order will discharge the latter. They are both interlocutory in the course of the receivership proceedings.

For the reasons stated, the court is without jurisdiction in either case, and the appeals are dismissed.

Dismissed.